

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2007

# Banks v. Hayward

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Banks v. Hayward" (2007). *2007 Decisions*. Paper 1635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-113**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3266
_____

FREDERICK BANKS,

Appellant

v.

RONALD W. HAYWARD, Esq.;
DAVID SHRAGER, Esq.;
SHRAGER AND SHRAGER

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00509)
District Judge: Honorable Gary L. Lancaster
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 1, 2007

Before: Rendell, Smith and Jordan, Circuit Judges.

(Filed February 13, 2007)

_____

OPINION
_____

PER CURIAM

Representing himself and apparently seeking to proceed under 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999), and state law,[1] Frederick Banks filed a complaint in forma pauperis against the lawyers and law firm that he had retained to represent him in a federal criminal action. He alleged that Defendants had violated his rights under the Fifth and Sixth Amendment and had breached a duty of due care by rendering him ineffective assistance of counsel. He blamed their actions for his conviction and resulting continuing confinement. He requested nearly ten million dollars in damages.

The District Court referred Banks' case to a Magistrate Judge, who recommended that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. More specifically, the Magistrate Judge explained that Banks could not recover under 28 U.S.C. § 1983 because Banks had not alleged that Defendants, his privately-retained counsel, were state actors.

In response to the Magistrate Judge's report and recommendation, Banks filed objections. He objected to the proposed dismissal on the ground that he had already filed an amended complaint by delivering it to prison officials before the Magistrate Judge issued the report and recommendation. He contended that his amended complaint should be accepted as a matter of course because Defendants had not filed a responsive pleading.

---

[1] In the body of his complaint, he mentioned Carlson v. Green (seemingly, Carlson v. Green, 446 U.S. 14 (1980) (describing the right established by Bivens)). He also titled one count "constitutional violations" and one count "negligence."

2

<u>See</u> Fed. R. Civ. P. 15(a). He further objected on the basis that he did not proceed under 42 U.S.C. § 1983, but directly under the federal Constitution, again citing "<u>Carlson v. Green</u>." With his objections, he included a motion to amend his complaint. In support of his motion to amend, he stated that "his claims are identical to the claims in the complaint but the causes of action are different," and that "the proposed amended complaint would not add any additional claims or parties that would make it difficult to manage," although he also contended that the amendment "strengthened the complaint to raise and state a claim on which relief can be granted." (Objections and Motion to Amend at 3-4.)

Banks filed supplemental objections to argue that he stated a claim because when he alleged that his defense counsel had acted under color of state law, he meant that they had worked in concert with the "'state' and prosecution team to make sure that Bank's [sic] would be put behind bars." (Supplemental Objections at 1.) He further contended that he sued his counsel directly under the federal Constitution "on top of the 1983 claims so if anything the Court may dismiss the 1983 claims and permit the Constitutional Claims to be adjudicated." (<u>Id.</u> at 2.) He repeated that his action should continue because he had amended the complaint before the Report and Recommendation issued. No amended complaint appears on the docket.

The District Court adopted the Magistrate Judge's Report & Recommendation and dismissed Banks' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Banks appeals. We will affirm because no substantial issue is presented on appeal. <u>See</u> Local Appellate

3

Rule 27.4; I.O.P. 10.6.

The District Court concluded correctly that Banks had not alleged the state action necessary to state a claim under 42 U.S.C. § 1983. To the extent that Banks was trying to proceed under 42 U.S.C. § 1983 (and from his conflicting statements, it is unclear if he was), success depended in part on whether he alleged that a state actor committed the complained-of conduct. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Similarly, to the extent that he sought to remedy alleged constitutional violations through a Bivens-type claim or under 42 U.S.C. § 1983, he would have to show that a federal agent violated his rights. See Carlson v. Green, 446 U.S. 14, 18 (1980). Banks claimed that his privately-retained counsel wronged him. Under the circumstances Banks alleged, his private counsel did not serve as state actors, see Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), or federal agents.

Furthermore, Banks faced another significant obstacle to recovery – the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "Harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under 42 U.S.C. § 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Banks is currently serving a sentence for his

presumptively valid conviction, which has not been reversed or otherwise invalidated, and success on his ineffectiveness claim would imply its invalidity.

For the reasons above, the District Court did not err in concluding that Banks did not state a federal claim in his complaint. Furthermore, because Banks did not state a federal claim, the District Court could decline to consider the state law claims. A district court may decide against exercising its supplemental jurisdiction over the state-law claims that remain after all federal claims are dismissed. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

We note that Banks sought to amend his complaint. Banks was correct in asserting that a plaintiff has a right to amend as a matter of course before a defendant files a responsive pleading. See Fed. R. Civ. P. 15(a). However, despite his assertions that he filed an amended complaint by submitting it to prison authorities, no amended complaint appears on the docket or in the record. However, Banks' motion for leave to amend is in the record. Accordingly, we conclude that Banks filed a motion for leave to amend instead of just filing an amended complaint as a matter of course. We accordingly treat this as a case in which leave to amend was required. See Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989).

We accordingly consider whether the District Court abused its discretion in implicitly denying leave to amend the complaint. Leave to amend should be granted unless amendment is futile or inequitable. See Grayson v. Mayview State Hosp., 293

5

F.3d 103, 106 (3d Cir. 2002).  Amendment in this case was futile.  Banks' proposed amendment to restate "claims . . . identical to the claims in the complaint," (Objections and Motion to Amend at 3), would meet the same obstacles to success as they met in his complaint.  Furthermore, even if Banks modified his complaint to include his explanation of "acting under state law," namely that his defense counsel had worked in concert with the "'state' and prosecution team to make sure that Bank's [sic] would be put behind bars," (Supplemental Objections at 1), he would face a presently insurmountable Heck-bar to such a claim.  Accordingly, the District Court did not abuse its discretion in disallowing leave to amend.

For the reasons stated, we will affirm the District Court's order.

6